United States District Court
Southern District of Texas

**ENTERED**

May 04, 2023

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

PETER GARCIA,                        §
                                     §
            Plaintiff,               §
                                     §
v.                                   §      CIVIL ACTION NO. H-23-0090
                                     §
GREAT AMERICAN ASSURANCE             §
COMPANY,                             §
                                     §
            Defendant.               §


### MEMORANDUM OPINION AND ORDER

Peter Garcia ("Plaintiff") filed this action against Great American Assurance Company ("Defendant") alleging that Defendant failed to pay for covered damage to his home under an insurance policy purchased by his mortgagee, Carrington Mortgage Services LLC ("Carrington").[1]  Pending before the court is Defendant's Motion for Summary Judgment ("Defendant's MSJ") (Docket Entry No. 10). For reasons stated below, Defendant's MSJ will be granted.

### I.  Factual and Procedural Background

Plaintiff's home is mortgaged in favor of Carrington.  Lenders often require borrower-mortgagors to purchase insurance on their home.  When the borrower does not do so, the lender might purchase

---

[1]Plaintiff's Original Petition Expedited Action Under TRCP 169 ("Complaint"), Exhibit A to Notice to Withdraw and Amend Exhibits ("Notice to Withdaw"), Docket Entry No. 2-1, p. 3 ¶¶ 14-15.  For purposes of identification, all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing ("ECF") system.

a "force-placed" policy and include the cost in the borrower's mortgage payments.[2]  Carrington purchased a force-placed insurance policy ("the Policy") covering its interest in Plaintiff's home.[3]  Plaintiff is not a party to the Policy, and all payment for loss is to be made to Carrington.[4]

The home was damaged in February of 2021 by a winter freeze.[5]  A claim was submitted under the Policy.[6]  Defendant paid for some damages, but Plaintiff believed that the amount was not adequate.[7]  Plaintiff filed suit against Defendant in the County Civil Court at Law No. 4 of Harris County on December 5, 2022.[8]  Plaintiff alleges

---

[2]See Williams v. Certain Underwriters At Lloyd's of London, 398 F. App'x 44, 45 (5th Cir. 2010) (describing force-placed insurance); Julia Kagan, *Force-Placed Insurance*, INVESTOPEDIA (July 27, 2022), https://www.investopedia.com/terms/f/forced-place-insurance.asp.

[3]Mortgage Protection Insurance, Exhibit A to Defendant's MSJ, Docket Entry No. 10-2, p. 1.

[4]Id. at 10 ¶ E.

[5]Plaintiff's First Amended Response to Defendant's Summary Judgment Motion ("Plaintiff's Amended Response"), Docket Entry No. 16, p. 2 ¶ 4.

[6]Claim or Loss Report Acknowledgment, Exhibit B to Defendant's MSJ, Docket Entry No. 10-3, p. 1.

[7]March 29, 2021, letter from Great American to Carrington, Exhibit C to Defendant's MSJ, Docket Entry No. 10-4; October 4, 2021, letter from Great American to Southwest Business Corporation, Exhibit D to Defendant's MSJ, Docket Entry No. 10-5; October 21, 2021, letter from Great American to Pete Garcia, Exhibit E to Defendant's MSJ, Docket Entry No. 10-6; November 22, 2022, letter from Great American to the Dick Law Firm, Exhibit F to Defendant's MSJ, Docket Entry No. 10-7.

[8]Complaint, Exhibit A to Notice to Withdraw, Docket Entry No. 2-1, p. 1.

-2-

breach of contract; breach of the duty of good faith and fair dealing; violations of the Texas Deceptive Trade Practices Act; violations of the Texas Insurance Code — including the Texas Prompt Payment of Claims Act, unfair insurance practices, fraud, and civil conspiracy.[9]   Defendant removed the case to this court on January 11, 2023.[10]  Defendant's MSJ was filed on February 24, 2023, Plaintiff responded, Defendant replied, and Plaintiff amended his response.[11]

## II. Legal Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A party asserting that a fact is or is not genuinely disputed must support the assertion by "citing to particular parts of materials in the record." Fed. R. Civ. P. 56(c)(1)(A).  Summary judgment is proper "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of

---

[9]Id. at pp. 6-16.

[10]Notice of Removal, Docket Entry No. 1.

[11]Defendant's MSJ, Docket Entry No. 10; Plaintiff's Response to Defendant's Summary Judgment Motion ("Plaintiff's Response"), Docket Entry No. 11; Defendant's Reply to Plaintiff's Response to Defendant's Motion for Summary Judgment ("Defendant's Reply"), Docket Entry No. 12; Plaintiff's Amended Response, Docket Entry No. 16.

proof at trial." <u>Celotex Corp. v. Catrett</u>, 106 S. Ct. 2548, 2552 (1986). "[T]he burden on the moving party may be discharged by 'showing'-that is, pointing out to the district court-that there is an absence of evidence to support the nonmoving party's case." <u>Id.</u> at 2554. The court "must 'view all facts and draw all reasonable inferences in [the nonmovant's] favor[.]'" <u>Crawford v. Metropolitan Government of Nashville and Davidson County, Tennessee,</u> 129 S. Ct. 846, 851 n.2 (2009).

### III. <u>Analysis</u>

Defendant seeks summary judgment on each of Plaintiff's claims. Defendant argues that Plaintiff cannot establish breach of contract because Plaintiff is neither a party to the Policy nor a third-party beneficiary. Defendant argues that Plaintiff's extra-contractual claims fail for the same or similar reasons.

### A. Breach of Contract

Plaintiff alleges that Defendant breached the Policy by failing to pay for covered damages. Although Plaintiff is not a party to the Policy, the parties dispute whether he is a third-party beneficiary.

To recover for a breach of contract, a plaintiff must be a party to the contract or qualify as a third-party beneficiary. <u>First Bank v. Brumitt,</u> 519 S.W.3d 95, 102 (Tex. 2017).[12] "[A]

---

[12]Some earlier cases treated this as an Article III standing (continued...)

-4-

person's status as a third-party beneficiary depends solely on the contracting parties' intent." <u>Id.</u>  Courts "begin with the presumption that the parties contracted solely for themselves." <u>Id.</u> at 103 (internal quotations omitted).  "When the contract confers only an indirect, incidental benefit, a third party cannot enforce the contract." <u>Tawes v. Barnes</u>, 340 S.W.3d 419, 425 (Tex. 2011).  To make a person a third-party beneficiary, a contract must "include a clear and unequivocal expression of the contracting parties' intent to directly benefit a third party." <u>First Bank</u>, 519 S.W.3d at 103 (internal quotations omitted).

Courts have read some force-placed insurance contracts as making the homeowner a third-party beneficiary, but results have depended on the contract language. <u>Compare Alvarado v. Lexington Insurance Co.</u>, 389 S.W.3d 544, 546 (Tex. App.—Houston [1st Dist.] 2012) <u>with Williams</u>, 398 F. App'x at 46.  In <u>Alvarado</u> a homeowner sued for damages under force-placed insurance obtained by his lender.  389 S.W.3d at 546-47.  The insurer moved for summary judgment, arguing that the homeowner could not enforce the contract because he was not a named insured, additional insured, or third-party beneficiary, and the trial court agreed.  <u>Id.</u> at 547,

---

[12](...continued)
requirement.  <u>See Williams,</u> 398 F. App'x at 47.  The Fifth Circuit has since cast doubt on this in light of <u>Bond v. United States,</u> 131 S. Ct. 2355 (2011).  <u>Cotton v. Certain Underwriters at Lloyd's of London,</u> 831 F.3d 592, 595 (5th Cir. 2016).  But the requirement still applies as a breach of contract element, and the test for third-party beneficiary status has not changed.

-5-

549.  On appeal, the court considered several policy terms, but focused on an addendum that added "Special Broad Form Homeowners Coverage."  Id. at 548.  This addendum defined the "insured" as "'you and residents of your household,'" and it covered several types of loss including "direct physical loss to property" and "personal property damage."  Id.  The court concluded that the lender and insurer, by including this coverage, intended to directly confer a benefit on the homeowner.  Id. at 561.  Other courts have reached the same conclusion when the policy included an "excess loss" clause, which specifies that any payout in excess of the lender's mortgage interest will be paid directly to the homeowner.[13]

But in cases without such terms courts have rejected third-party beneficiary claims.  In Williams the policy stated that it "provides indirect coverage to [the] owner's insurable interest . . . Regardless of the insurable interests of the owner or any other person or persons in the insured property, you [the lender] are our sole insured under this policy."  398 F. App'x at 46. Because the contract mentioned no direct benefits for the homeowner and because the policy specified that the lender was the only insured, the court held that the homeowner was not a third-party

---

[13]See Lee v. Safeco Insurance Co. of America, Civil Action No. 08-1100, 2008 WL 2622997, at *4 (E.D. La. July 2, 2008); Turner v. General Insurance Co. of America, Civil Action No. 5:09cv00057-DCB-JMR, 2009 WL 3247302, at *3-4 (S.D. Miss. Oct. 7, 2009); Beck v. State Farm Fire and Casualty Co., No. 2:07CV1998, 2008 WL 4155301, at *3 (W.D. La. Sept. 5, 2008).

beneficiary.   Id. at 49.   Other courts have reached the same result, frequently emphasizing terms stating that the lender is the sole insured or that the policy is intended to protect the lender's interest only and not the borrower's.[14]

Plaintiff does not cite any Policy term that indicates an intent to benefit him.   In fact the Policy contains terms that negate such an intent.   The first page of the Policy states:

> Unless indicated otherwise by endorsement, this policy does not . . . provide coverage for the interest or equity of the mortgagor. This is creditor placed insurance, protecting your mortgagee interest . . .[15]

Carrington is the Named Insured, and the Policy states that "[t]he mortgagor is not a Named Insured under this policy."[16]   These terms are similar to the terms in Williams that negated third-party beneficiary status.

Plaintiff argues that he is a third-party beneficiary because he lives in the home and pays the policy premiums.[17]   Plaintiff cites no authority that these factors support third-party beneficiary status.   The court concludes that they do not, because they do not indicate anything about the contracting parties'

---

[14]See Alvarado, 389 S.W.3d at 555 (citing Lumpkins v. Balboa Insurance Co., 812 F. Supp. 2d 1280, 1283-84 (N.D. Okla. 2011); Barrios v. Great American Assurance Co., Civil Action No. H-10-3511, 2011 WL 3608510, at *4 (S.D. Tex. Aug. 16, 2011)).

[15]Mortgage Protection Insurance, Exhibit A to Defendant's MSJ, Docket Entry No. 10-2, p. 1.

[16]Id. at 2 ¶ II(A), (B).

[17]Plaintiff's Amended Response, Docket Entry No. 16, p. 8 ¶ 27.

intent.  <u>See Alvarado,</u> 389 S.W.3d at 555 ("Mere payment of the force-placed-policy premiums by the homeowner-borrower, without more, does not necessarily confer third-party-beneficiary status on the borrower.").

Plaintiff has cited no evidence to support third-party beneficiary status, and the Policy expressly disclaims any intent to protect his interest.  His breach of contract claim therefore fails as a matter of law.

## B.   The Duty of Good Faith and Fair Dealing

Plaintiff alleges that Defendant violated a duty of good faith and fair dealing.  An insurer owes a duty of good faith and fair dealing to its insured.  <u>Texas Farmers Insurance Co. v. Soriano,</u> 881 S.W.2d 312, 317 (Tex. 1994).  Plaintiff cites no authority suggesting that Defendant owes a duty of good faith and fair dealing to someone like Plaintiff who is neither a party to the Policy nor a third-party beneficiary.

## C.   Texas Insurance Code

Plaintiff alleges numerous violations of the Texas Insurance Code, including the Texas Prompt Payment of Claims Act.  Plaintiff alleges that Defendant's actions violated Texas Insurance Code §§ 541.051, 541.060(2), (3), (4), (7), 541.061, 542.055(a)(2), (a)(3), (c), 542.056(c), (d), 542.057(a), (b), (c), and 542.058(d). The Complaint recites the substance of these provisions but provides little to no factual allegations corresponding to each

one.  Moreover, a "plaintiff must be either a named insured or a third-party beneficiary of the policy out of which the claim arose to assert a claim under Chapter 541."  <u>Baldwin v. Mortgage Electronic Registration System, Inc.</u>, Civil Action No. 4:19-CV-03921, 2020 WL 4227591, at *6 (S.D. Tex. June 8, 2020);[18]  <u>see also Barrios</u>, Civil Action No. H-10-3511, 2011 WL 3608510, at *4 ("the plaintiffs' Texas Insurance Code claims fail because, as shown above, they are not named insureds, additional insureds or third-party beneficiaries").  Because Plaintiff is neither an insured nor a third-party beneficiary, he cannot assert Texas Insurance Code claims based on the Policy.

**D.   Texas Deceptive Trade Practices Act**

Plaintiff also alleges various claims under the Texas Deceptive Trade Practices Act ("TDTPA").  The Act allows a "consumer" to bring an action against any person who commits an enumerated deceptive act or who commits an act in violation of Chapter 541 of the Texas Insurance Code.  Tex. Bus. & Com. Code § 17.50(a).  The Act defines a "consumer" as "an individual . . . who seeks or acquires by purchase or lease, any goods or services."  <u>Id.</u> § 17.45(4).  But it was Carrington—not Plaintiff—that sought and acquired Defendant's services.  Other courts have held that a homeowner is not a TDTPA "consumer" of force-placed insurance

---

[18]Report and recommendation adopted, No. 4:19-CV-03921, 2020 WL 4227468 (S.D. Tex. July 23, 2020).

purchased by their lender. <u>See Barrios,</u> Civil Action No. H-10-3511, 2011 WL 3608510, at *4 (homeowners could not bring TDTPA claim against insurer with whom they "have no direct contractual relationship"). Because Plaintiff is not a "consumer" as defined by § 17.45(4), he cannot bring TDTPA claims against Defendant.

## E.    Civil Fraud

Plaintiff alleges a Texas common law fraud claim against Defendant. "The elements of fraud are: (1) that a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury." <u>In re FirstMerit Bank, N.A.,</u> 52 S.W.3d 749, 758 (Tex. 2001). Defendant argues that Plaintiff has no evidence of any false representations or reliance. Plaintiff responds that "Defendant Insurer repeatedly informed Plaintiff that Plaintiff had covered damages under Defendant Insurer's policy . . . A freeze on or about February 17, 2021, damaged Plaintiff's dwelling which the parties agree is a loss which Defendant Insurer's Policy's terms cover."[19] To defeat a motion for summary judgment, a party must cite "to particular parts of materials in the record." Fed. R.

---

[19]Plaintiff's Amended Response, Docket Entry No. 16, p. 17 ¶ 57.

Civ. P. 56(c)(1)(A). The portion of Plaintiff's Response addressing fraud contains no citations to any summary judgment evidence. Nor does Plaintiff explain how he relied on any of Defendant's statements to his detriment. Because Plaintiff has not raised a genuine dispute of material fact on the elements of fraud, Defendant's MSJ will be granted as to this claim.

## F. Conspiracy

Plaintiff alleges civil conspiracy. To prevail on a civil conspiracy claim, a plaintiff must show "(1) a combination of two or more persons; (2) an object to be accomplished (an unlawful purpose or a lawful purpose by unlawful means)[;] (3) a meeting of minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) damages as the proximate result." Insurance Co. of North America v. Morris, 981 S.W.2d 667, 675 (Tex. 1998). Defendant points out that Plaintiff cites no evidence of any unlawful purpose or unlawful means. Plaintiff responds that "Defendant Insurer conspired with Defendant Insurer's agents and adjusters to commit illegal acts by conspiring to sell policies and wrongfully underpay claims in order to increase Defendant Insurer's own profits."[20] Plaintiff cites no evidence in support of this argument. Defendant is entitled to summary judgment on this claim.

---

[20]Id. ¶ 58.

## IV. Conclusion and Order

Because Plaintiff has failed to offer valid evidence that he is either a party to the Policy or a third-party beneficiary, his breach of contract claim fails. Plaintiff has also failed to offer evidence on at least one element for each of his other claims. Defendant's Motion for Summary Judgment (Docket Entry No. 10) is **GRANTED**. This action will be dismissed with prejudice.

**SIGNED** at Houston, Texas, on this the 4th day of May, 2023.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE

-12-